Daniel M. Cislo, Esq., No. 125,378
  *dan@cislo.com*
Mark D. Nielsen, Esq., No. 210,023
  *mnielsen@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
AUTOMOTIVE RACING PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE RACING PRODUCTS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MISSION TRADING COMPANY, INC., a California corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **(1) Federal Trademark Infringement under the Lanham Act;** <br> **(2) Common Law Trademark Infringement under the Lanham Act;** <br> **(3) Common Law Trademark Infringement under California law;** <br> **(4) False Designation of Origin;** <br> **(5) Unfair Competition under the Lanham Act;** <br> **(6) Unfair Competition under California law; and,** <br> **(7) Fraud** <br><br> **[DEMAND FOR JURY TRIAL]** |

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

## COMPLAINT

1.     Plaintiff, Automotive Racing Products, Inc. ("Plaintiff" or "ARP"), by and through its attorneys, allege for their complaint against Mission Trading Company, Inc. ("Defendant" or "MTC"), as follows:

2.     This complaint seeks a judgment of liability on the part of Defendant for infringement of Plaintiff's federal trademark registration under the Lanham Act, for infringement of Plaintiff's common law trademark rights under both federal and California law, for false designation of origin under the Lanham Act, and for unfair competition under the Lanham Act and California law.

3.     Plaintiff is seeking injunctive relief with respect to its claims presented in this complaint. Plaintiff is not at this time seeking monetary damages on its claims.

4.     Defendant has attempted to federally register the trademark "ARP" as a use-based trademark application in connection with various automotive parts, which is a knowing and intentional violation of Plaintiff's trademark rights. To the extent Defendant has been using "ARP" in association with automotive parts in commerce, it is a blatant attempt to confuse, mislead, and/or deceive the consuming public into thinking that Defendant is Plaintiff, which is completely false, and to trade on the goodwill and reputation of Plaintiff in the automotive industry.

5.     In addition, Defendant has made, imported, marketed, offered for sale, and/or sold, and caused to enter into interstate commerce, a Ford 6.0L Powerstroke Diesel Head Stud Kit that has been given by Defendants the same model number/product designator ("250-4202") as Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit.     Defendant is similarly using Plaintiff's model number/product designator to trick search engines, including on eBay and Amazon, and confuse, deceive, and mislead consumers into thinking Defendant's Ford 6.0L Powerstroke Diesel Head Stud Kit is the same as Plaintiff's, at least in terms of quality, which it is not. Defendant's kit is markedly inferior.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
www.cislo.com

6.     The foregoing summaries of unlawful conduct by Defendant constitute trademark infringement, false designation of origin, and unfair competition under both federal and state law.

7.     Plaintiff reserves the right to amend this complaint should it become aware of additional facts further supporting its claims stated hereinbelow.

## THE PARTIES

8.     Plaintiff ARP is a California corporation having its principal place of business at 1760 Lemonwood Drive, Santa Paula, California 93060.  Plaintiff provides specialized automotive components such as metal fasteners, nuts, bolts, studs, and washers; as well as assembly lubrication; clothing, including shirts, hats, sweatshirts, and jackets; stand off brackets; stretch gages; thread sealer; tooling, including ring compressors, rod bolt extensions, oil pump primers, spark plug indexers, and thread cleaning chasers; weld bungs; and related products under a variety of trademarks, including its federally registered trademark "ARP."  Plaintiff has released catalogs for many years, and those catalogs detail Plaintiff's product offerings.

9.     Defendant MTC is a California corporation, having its principal place of business at 6951 Southfront Road, Livermore, California 94551.  On information and belief, MTC is owned and operated by Hakam Misson, the President and CEO of Defendant MTC, and Sameer Misson, COO of MTC.

10.     The true names and capacities, whether individual, corporate, or otherwise of Does 1-9 inclusive, are unknown to Plaintiff, who therefore sues them by such fictitious names.  These presently fictitious defendants may include others acting in concert with MTC, including its manufacturers, distributors, re-sellers, sales representatives, principals, owners, officers, directors, and the like.  Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereon

3

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged. At all times herein mentioned, Does 1-9 inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) as it arises under Acts of Congress related to trademarks and unfair competition. Additionally, the Court has subject matter jurisdiction over the federal trademark infringement claim pursuant to 15 U.S.C. § 1121. The Court has subject matter jurisdiction over the state common law trademark infringement claim, state law unfair competition claim, and the fraud claim pursuant to 28 U.S.C. § 1367, as the facts giving rise to those claims arise from the same common nucleus of operative facts.

12.    This Court has personal jurisdiction over Defendant in that Defendant is a California corporation (Entity Number C2112680) that, on information and belief, is doing continuous and systematic business in this judicial district directly and/or through its distributors located in this judicial district, including by selling automotive products into this judicial district. In addition, Defendant's infringement of Plaintiff's trademarks and unfairly competitive conduct related thereto have been undertaken by Defendant willfully, intentionally, with knowledge, and in blatant disregard of Plaintiff's trademark and related rights. Because of Plaintiff's high profile in the industry, and Defendant's overall and substantial knowledge of Plaintiff as detailed herein, and as will likely be developed during the litigation, Defendant was, and is, fully aware that their infringing, unfairly competitive, fraudulent actions would cause harm to Plaintiff, a company

Defendant knew, and knows, is based in this judicial district.

13. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(c) in that Defendant is subject to personal jurisdiction in this judicial district, and at least a substantial portion of the acts and omissions giving rise to the asserted claims occurred in this district and/or caused injuries in this judicial district.

## FACTUAL ALLEGATIONS
### Plaintiff ARP and its Valuable Trademarks

14. Plaintiff is a California corporation located in Santa Paula, California, and provides performance hardware and other specialized automotive components. Plaintiff is commonly known as "ARP" to its customers, suppliers, and others in the automotive industry, particularly the automotive racing industry.

15. Plaintiff owns U.S. Federal Trademark Registration No. 1,472,833 for "ARP" for high performance metal fasteners, namely bolts, studs, washers, and nuts used primarily in the automotive racing industry, which was placed on the Principal Register on January 19, 1988. A copy of the registration certificate for U.S. Federal Trademark Registration No. 1,472,833 is attached hereto as **Exhibit 1**. This registration is incontestable under the provisions of the Lanham Act.

16. For many years, Plaintiff ARP performed substantial marketing and promotion of its products under its "ARP" trademark. As an exemplar of the extent of products that Plaintiff markets and sells under its "ARP" trademark, Plaintiff's March 2006 update to its 2005 Catalog is attached hereto as **Exhibit 2**.

17. Such marketing and promotion of its products includes Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit, which has a source-identifying model number/product designator of "250-4202." A photograph of Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit packaging showing having model number/product designator of "250-4202" is attached hereto as **Exhibit 3**.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

Plaintiff's website also identifies its Ford 6.0L Powerstroke Diesel Head Stud Kit by model number/product designator of "250-4202."  See, **Exhibit 13**, attached hereto.  Plaintiff began using the "250-4202" designator at least as early as 2005, and Plaintiff believes that the "250-4202" designator is specific to it, specific to its Ford 6.0L Powerstroke Diesel Head Stud Kit, which is manufactured to exacting specifications and standards by Plaintiff.  Plaintiff does not believe that "250-4202" is a designator that is common in the automotive industry.  Extensive third-party advertising and selling of Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit prominently using and/or displaying the model number/product designator of "250-4202" is evident on Amazon and eBay, among other places as well, thus showing that third parties value "250-4202" as a source identifier for the genuine ARP product.

18.    Plaintiff's substantial marketing and promotion of its products, including its 250-4202 Ford 6.0L Powerstroke Diesel Head Stud Kit, has led to critical acclaim, as well as widespread public recognition, particularly in the field of automotive racing and among high-performance car enthusiasts of its products, including its 250-4202 Ford 6.0L Powerstroke Diesel Head Stud Kit.

19.    Plaintiff has sold to customers nationwide in the United States and in more than fifty (50) countries and regions throughout the world.  Plaintiff advertises worldwide via its Internet websites, catalogs, and through automotive magazines sold both within and outside of the United States. Additionally, the distribution and cooperative partners of Plaintiff also advertise in local media throughout the world.

20.    Plaintiff has also exercised tremendous quality control and expended great effort to make high quality, high performance automotive parts, thus enhancing its reputation as a maker and seller of high quality, high performance automotive parts.

21.    As a result, Plaintiff's "ARP" trademark and "250-4202"

designator/trademark are well known throughout the United States and other parts of the world, especially in the area of automotive racing and among high-performance car enthusiasts, and Plaintiff has developed substantial goodwill and recognition among its U.S. customers and the U.S. public at large in its "ARP" and "250-4202" trademarks and products.

22.　By virtue of its catalogs, Plaintiff's federally-registered trademark rights are entitled to a natural zone of expansion to cover the goods in its catalog(s); and, Plaintiff's common law trademark rights under both state and federal law exist nationwide in connection with a vast variety of automotive products.  At no time has Plaintiff ceased use of either its "ARP" trademark or its "250-4202" designator/trademark since their respective inceptions in connection with the types and natures of goods they have been and are used in connection therewith, respectively, including, as to the "ARP" trademark registration, the goods listed in the registration.

### Defendant's Intentionally Wrongful, Fraudulent, Illegal Activities

23.　In or about February of 2016, Plaintiff learned that Defendant, on its own or through its re-sellers, was offering for sale and selling on Amazon a Ford 6.0L Powerstroke Diesel Head Stud Kit.  The product detail page on Amazon listed "MTC" as the producer of the product, and the listing used Plaintiff's "250-4202" model number/product designator in its title and elsewhere, as a means of benefitting from Plaintiff's goodwill, and thus, driving traffic to the listing.

24.　On February 23, 2016, Plaintiff, through counsel, sent a cease and desist letter to Defendant in regards to Defendant's use of "250-4202" as a model number/ product designator for a Ford 6.0L Powerstroke Diesel Head Stud Kit.  A copy of the letter is attached hereto as **Exhibit 4**.

25.　Not only did Defendant not cease from using Plaintiff's "250-4202" as a model number/ product designator for a Ford 6.0L Powerstroke Diesel Head Stud

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

Kit; but, on March 18, 2016, Defendant "doubled down" on its efforts to benefit from Plaintiff's reputation and goodwill by brazenly filing its own federal trademark application for the mark "ARP" in connection with various automotive products in International Classes 7 and 12. Attached hereto as **Exhibit 5** is a copy of Defendant's trademark application for "ARP."

26. Defendant obviously knew of Plaintiff prior to its filing a trademark application based on: (1) Defendant's statement on the home page of its website, http://mtcparts.com (see, **Exhibit 6**, attached hereto), admitting that Defendant has been in the automotive parts industry for over 30 years, and (2) Defendant's receipt of the aforementioned cease and desist letter from Plaintiff. As such, Defendant's attempt to register "ARP" as its own trademark is a willful, malicious, and fraudulent attempt to benefit from the goodwill associated with Plaintiff ARP, but also to confuse, deceive, and mislead consumers into thinking that Plaintiff and Defendant are associated, affiliated, connected, or the like.

27. Shockingly, Sameer Misson, COO of Defendant MTC, signed a declaration under penalty of perjury in connection with Defendant's aforementioned trademark application for the "ARP" trademark in connection with various automotive products affirming that: (a) Defendant MTC "is the owner of the trademark/service mark sought to be registered" and (b) Sameer Misson himself "believes that to the best of the [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." Plaintiff believes that these statements are false and/or will be proven to be false when tested under oath in deposition. See, **Exhibit 5**, attached hereto (at page 6 therein, under "Declaration"). As such, Plaintiff believes Sameer Hassan made willful false statements to the United States Patent and Trademark Office in violation of 18 U.S.C. § 1001.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647 · FACSIMILE: (310) 394-4477
WWW.CISLO.COM

28.    Plaintiff has taken action in the Trademark Trial and Appeal Board ("TTAB") to ensure that Defendant cannot register the trademark "ARP" for any automotive parts.  Defendant did not respond to Plaintiff's Notice of Opposition, and is subject to a default judgment, which should result in its trademark application being rejected.  Defendant has until December 10, 2016 to respond to an order to show cause issued by the TTAB regarding why a default judgment should not be entered against Defendant.  As of the date of the submission of this Complaint, no response to the order to show cause had been filed by Defendant, and the deadline had passed for the response.  Unfortunately, however, the TTAB cannot issue an injunction to prevent Defendant from using "ARP" in conjunction with automotive products, and cannot issue an injunction to prevent Defendant from continuing to use "250-4202" for its inferior Ford 6.0L Powerstroke Diesel Head Stud Kit.  Therefore, Plaintiff must pursue this litigation to stop Defendant from its unlawful activities.

29.    In addition, later in 2016, Defendant, on its own or through its re-sellers, continued to use Plaintiff's model number/product designator 250-4202 in conjunction with Defendant's offers for sale of its Ford 6.0L Powerstroke Diesel Head Stud Kit on Amazon and eBay.  See, **Exhibits 7 (Amazon) and 8 (eBay)**, attached hereto.

30.    The inferior quality of Defendant's Ford 6.0L Powerstroke Diesel Head Stud Kit is evident from the reviews on Amazon (see, **Exhibit 9**, attached hereto) and comments concerning the same on the powerstroke.org blog (see, **Exhibit 10**, attached hereto), including the first comment that refers to Defendant's Ford 6.0L Powerstroke Diesel Head Stud Kit as a "Knock off" of Plaintiff's corresponding kit.

31.    Plaintiff has taken steps with Amazon and eBay to remove the offending listings using Plaintiff's model number/product designator 250-4202 in conjunction with Defendant's offers for sale of its Ford 6.0L Powerstroke Diesel

Head Stud Kit.

32.    Furthermore, by filing its federal trademark application under Lanham Act, Section 1(a), meaning that Defendant had placed the goods listed in the application into interstate commerce prior to filing the application, Defendant has admitted infringement of Plaintiff's registered and common law trademarks for "ARP."  Even if the goods listed in Defendant's application do not entirely overlap with the goods Plaintiff has been selling for years, the natural zone of expansion around Plaintiff's trademarks, the strength of Plaintiff's trademarks, the extent of promotion and marketing of Plaintiff's trademarks in connection with automotive products, the overlapping marketing channels, and the like, demonstrate that Defendant has willfully infringed Plaintiff's "ARP" registered and common law trademarks.

33.    Furthermore, Defendants, by so brazenly attempting to register the trademark "ARP" for its own benefit, perpetrated a massive fraud on Plaintiff, the consuming public, and the United States Patent and Trademark Office.

34.    Plaintiff has not consented to, authorized, sponsored, endorsed, or approved the offering for sale and/or selling by Defendant of the Ford 6.0L Powerstroke Diesel Head Stud Kit with the model number/product designator "250-4202," or any other automotive product under the "ARP" name.

35.    Defendant's unauthorized use of Plaintiff's "ARP" trademark in connection with any automotive products is likely to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers and prospective customers into falsely believing that Defendant's goods are provided, sponsored, endorsed, authorized, or approved by Plaintiff, or that there is a connection or affiliation between Plaintiff and Defendant, which there is not.

36.    Defendant's unauthorized use of Plaintiff's "250-4202" as a model number/product designator for Defendant's inferior Ford 6.0L Powerstroke Diesel Head Stud Kit is also likely to cause confusion, to cause mistake, and to deceive an

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

appreciable number of reasonably prudent customers and prospective customers into falsely believing that Defendant's inferior Ford 6.0L Powerstroke Diesel Head Stud Kit is provided, sponsored, endorsed, authorized, or approved by Plaintiff, or that there is a connection or affiliation between Plaintiff and Defendant, which there is not.

37.     Finally, such conduct on the part of Defendant, and its owners, officers, and/or directors stands in stark contrast to what Defendant claims to be its "Mission" on its website that, "In everything we do, we strive for honesty, fairness and integrity." See, **Exhibit 11**, attached hereto; see also, http://mtcparts.com/our_mission.php).  Simply put, Defendant's conduct described herein makes a mockery of its "Mission" statement.

38.     As a direct and proximate result of Defendant's conduct, Plaintiff has been irreparably harmed.

39.     Defendant's conduct is continuing, and will continue, constituting an ongoing threat to Plaintiff and the public.  Unless Defendant is restrained and enjoined from engaging in the wrongful conduct described herein, Plaintiff will suffer irreparable injury.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1))

40.     Automotive Racing Products repeats and incorporates the allegations set forth in paragraphs 1 through 39 above.

41.     This claim is against Defendant for trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114.

42.     Plaintiff owns exclusive rights to the name "ARP" in the United States in connection with high performance metal fasteners, namely bolts, studs, washers, and nuts used primarily in the automotive racing industry, based on Plaintiff's use of the "ARP" trademark in connection with such goods since approximately 1975,

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

without interruption.   Such exclusive rights are evidenced by the trademark registration attached hereto as **Exhibit 1**.

43.   Defendant has used, and is using, in interstate commerce the name "ARP" as a trademark for various automotive parts, including at least head studs and washers (as well as numerous other automotive products), as Defendant has admitted in its use-based application for the "ARP" trademark (see, **Exhibit 5**, attached hereto).   Defendant has used, and in using, the name "ARP" in such a way that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Defendant and Plaintiff and its "ARP" mark. Defendant has undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiff.

44.   Defendant has used, and is using, in commerce the name "ARP" in such a way so as to create a likelihood of confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

45.   Defendant has therefore infringed, and is infringing, Plaintiff's "ARP" trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

46.   Upon information and belief, at all times relevant to this action, including the time Defendant first adopted the "ARP" mark and commenced its commercial use of the "ARP" mark in connection with automotive parts, including studs and washers, among other things, Defendant knew of Plaintiff's prior adoption, ownership, and commercial use of the "ARP" mark in connection with automotive parts, and Defendant's adoption of the "ARP" mark was a blatant attempt to trade on Plaintiff's goodwill and good reputation.   Defendant's infringement of Plaintiff's "ARP" mark is therefore willful and deliberate.

47.   Because Defendant's acts have been committed willfully, intentionally, and with the intent to benefit from Plaintiff's goodwill in its "ARP" trademark, this is an exceptional case.

48.   By reason of Defendant's acts of trademark infringement, Plaintiff has

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

1  suffered and will continue to suffer irreparable injury unless and until this Court

2  enters an order enjoining Defendant from any further acts of trademark

3  infringement.

4      49.    By reason of Defendant's acts of trademark infringement, Plaintiff has

5  suffered and will continue to suffer irreparable injury unless and until this Court

6  enters an order enjoining Defendant from any further acts of trademark

7  infringement.   Defendant's continuing acts of trademark infringement, unless

8  enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate

9  remedy at law to compel Defendant to cease such acts.  Plaintiff will be compelled

10 to prosecute a multiplicity of actions, one action each time Defendant commits such

11 acts.  Plaintiff is therefore entitled to a preliminary injunction and a permanent

12 injunction against further infringing conduct by Defendant and those in concert

13 with Defendant and those directing the infringing conduct, including the owners,

14 officers, and directors of Defendant.

15

16      **COUNT II – COMMON LAW TRADEMARK INFRINGEMENT**

17                **(15 U.S.C. § 1125(a))**

18     50.    Automotive Racing Products repeats and incorporates the allegations

19 set forth in paragraphs 1 through 49 above.

20     51.    This claim is against Defendants for infringement of Plaintiff's

21 common law trademark rights in the trademarks "ARP" (used in connection with

22 numerous types of automotive products – see e.g., **Exhibit 2**, attached hereto), and

23 the source-identifying model number/product designator "250-4202" (used in

24 connection with Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit – see,

25 **Exhibit 3**, attached hereto), under the Lanham Act, 15 U.S.C. § 1125(a).

26     52.    Plaintiff owns exclusive rights in and to its "ARP" trademark used in

27 connection with numerous types of automotive products – see e.g., **Exhibit 2**,

28 attached hereto.  Plaintiff has been using the "ARP" name in association with

various automotive parts, without interruption, since at least as early as 1975.

53.     Plaintiff also owns exclusive rights in and to the source-identifying model number/product designator "250-4202" used in connection with Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit – see, **Exhibit 3**, attached hereto. Plaintiff has been using the "250-4202" model number/product designator, without interruption, since at least as early as 2005.

54.     Plaintiff's "ARP" trademark is highly distinctive and distinguishes Plaintiff's automotive parts, from those of its competitors.

55.     Plaintiff's "250-4202" trademark is also highly distinctive and distinguishes Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit from that of Plaintiff's competitors.   The fact that Plaintiff's competitors routinely use Plaintiff's 250-4202 product designator for their Ford 6.0L Powerstroke Diesel Head Stud Kit, rather than the corresponding product designator for the corresponding original Ford engine parts, is strong evidence that "250-4202" has acquired secondary meaning in connection with Plaintiff.

56.     Plaintiff's "ARP" trademark is strong in light of the substantial marketing and promotion of its automotive parts by Plaintiff for many years, Plaintiff's substantial sales volume of such products, its critical acclaim, and its widespread public recognition.

57.     Plaintiff's "250-4202" trademark is strong in light of the substantial marketing and promotion of its Ford 6.0L Powerstroke Diesel Head Stud Kit for many years, Plaintiff's substantial sales volume of such product, its critical acclaim, and its widespread public recognition.   In addition, others' copying of the "250-4202" model number to attempt to create the impression of an association with Plaintiff supports the strength of the "250-4202" mark.

58.     Defendant has used, and is using, in interstate commerce the name "ARP" as a trademark for various automotive parts, as Defendant has admitted in its use-based application for the "ARP" trademark (see, **Exhibit 5**, attached hereto).

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

Defendant has used, and in using, the name "ARP" in such a way that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Defendant and Plaintiff and its "ARP" mark. Defendant has undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiff.

59. Defendant has used, and is using, in interstate commerce the mark "250-4202" as a trademark for its Ford 6.0L Powerstroke Diesel Head Stud Kit. See, **Exhibits 7 and 8**, attached hereto). Defendant has used, and in using, the mark "250-4202" in such a way that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Defendant and Plaintiff and its "250-4202" mark. Defendant has undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiff.

60. Defendant has used, and is using, in commerce the marks "ARP" and "250-4202" in such a way so as to create a likelihood of confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

61. Defendant has therefore infringed, and is infringing, Plaintiff's "ARP" and "250-4202" trademarks in violation of the Lanham Act, 15 U.S.C. § 1125(a).

62. Upon information and belief, at all times relevant to this action, including the time Defendant first adopted the "ARP" and "250-4202" marks and commenced its commercial use of the "ARP" and "250-4202" marks in connection with automotive parts and its Ford 6.0L Powerstroke Diesel Head Stud Kit, respectively, Defendant knew of Plaintiff's prior adoption, ownership, and commercial use of the "ARP" and "250-4202" marks in connection with automotive parts and its Ford 6.0L Powerstroke Diesel Head Stud Kit, respectively, and Defendant's adoption of the "ARP" and "250-4202" marks was a blatant attempt to trade on Plaintiff's goodwill and good reputation. Defendant's infringement of Plaintiff's "ARP" and "250-4202" marks is therefore willful and

1  deliberate.

2  63.    Because   Defendant's   acts   have   been   committed   willfully,

3  intentionally, and with the intent to benefit from Plaintiff's goodwill in its "ARP"

4  and "250-4202" trademarks, this is an exceptional case.

5  64.    By reason of Defendant's acts of trademark infringement, Plaintiff has

6  suffered and will continue to suffer irreparable injury unless and until this Court

7  enters an order enjoining Defendant from any further acts of trademark

8  infringement.

9  65.    By reason of Defendant's acts of trademark infringement, Plaintiff has

10  suffered and will continue to suffer irreparable injury unless and until this Court

11  enters an order enjoining Defendant from any further acts of trademark

12  infringement.    Defendant's continuing acts of trademark infringement, unless

13  enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate

14  remedy at law to compel Defendant to cease such acts.  Plaintiff will be compelled

15  to prosecute a multiplicity of actions, one action each time Defendant commits such

16  acts.  Plaintiff is therefore entitled to a preliminary injunction and a permanent

17  injunction against further infringing conduct by Defendant and those in concert

18  with Defendant and those directing the infringing conduct, including the owners,

19  officers, and directors of Defendant.

20

21  **COUNT III - COMMON LAW TRADEMARK INFRINGEMENT**

22  **(California Common Law)**

23  66.    Automotive Racing Products repeats and incorporates the allegations

24  set forth in paragraphs 1 through 65 above.

25  67.    This claim is against Defendants for infringement of Plaintiff's

26  common law trademark rights in the trademarks "ARP" (used in connection with

27  numerous types of automotive products – see e.g., **Exhibit 2**, attached hereto), and

28  the source-identifying model number/product designator "250-4202" (used in

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

connection with Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit – <u>see</u>, **Exhibit 3**, attached hereto), under California common law.

68.    Plaintiff owns exclusive rights in and to its "ARP" trademark used in connection with numerous types of automotive products – <u>see e.g.</u>, **Exhibit 2**, attached hereto.  Plaintiff has been using the "ARP" name in association with various automotive parts, without interruption, since at least as early as 1975.

69.    Plaintiff also owns exclusive rights in and to the source-identifying model number/product designator "250-4202" used in connection with Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit – <u>see</u>, **Exhibit 3**, attached hereto. Plaintiff has been using the "250-4202" model number/product designator, without interruption, since at least as early as 2005.

70.    Plaintiff's "ARP" trademark is highly distinctive and distinguishes Plaintiff's automotive parts, from those of its competitors.

71.    Plaintiff's "250-4202" trademark is also highly distinctive and distinguishes Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit from that of Plaintiff's competitors.  The fact that Plaintiff's competitors routinely use Plaintiff's 250-4202 product designator for their Ford 6.0L Powerstroke Diesel Head Stud Kit, rather than the corresponding product designator for the corresponding original Ford engine parts, is strong evidence that "250-4202" has acquired secondary meaning in connection with Plaintiff.

72.    Plaintiff's "ARP" trademark is strong in light of the substantial marketing and promotion of its automotive parts by Plaintiff for many years, Plaintiff's substantial sales volume of such products, its critical acclaim, and its widespread public recognition.

73.    Plaintiff's "250-4202" trademark is strong in light of the substantial marketing and promotion of its Ford 6.0L Powerstroke Diesel Head Stud Kit for many years, Plaintiff's substantial sales volume of such product, its critical acclaim, and its widespread public recognition.  In addition, others' copying of the "250-

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
WWW.CISLO.COM
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

4202" model number to attempt to create the impression of an association with Plaintiff supports the strength of the "250-4202" mark.

74.     Defendant has used, and is using, in interstate commerce the name "ARP" as a trademark for various automotive parts, as Defendant has admitted in its use-based application for the "ARP" trademark (see, **Exhibit 5**, attached hereto). Defendant has used, and in using, the name "ARP" in such a way that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Defendant and Plaintiff and its "ARP" mark.  Defendant has undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiff.

75.     Defendant has used, and is using, in interstate commerce the mark "250-4202" as a trademark for its Ford 6.0L Powerstroke Diesel Head Stud Kit. See, **Exhibits 7 and 8**, attached hereto).  Defendant has used, and in using, the mark "250-4202" in such a way that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Defendant and Plaintiff and its "250-4202" mark.   Defendant has undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiff.

76.     Defendant has used, and is using, in commerce the marks "ARP" and "250-4202" in such a way so as to create a likelihood of confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

77.     Defendant has therefore infringed, and is infringing, Plaintiff's "ARP" and "250-4202" trademarks in violation of California common law.

78.     Upon information and belief, at all times relevant to this action, including the time Defendant first adopted the "ARP" and "250-4202" marks and commenced its commercial use of the "ARP" and "250-4202" marks in connection with automotive parts and its Ford 6.0L Powerstroke Diesel Head Stud Kit, respectively, Defendant knew of Plaintiff's prior adoption, ownership, and

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
www.CISLO.COM

commercial use of the "ARP" and "250-4202" marks in connection with automotive parts and its Ford 6.0L Powerstroke Diesel Head Stud Kit, respectively, and Defendant's adoption of the "ARP" and "250-4202" marks was a blatant attempt to trade on Plaintiff's goodwill and good reputation.   Defendant's infringement of Plaintiff's "ARP" and "250-4202" marks is therefore willful and deliberate.

79.   By reason of Defendant's acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of trademark infringement.

80.   By reason of Defendant's acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of trademark infringement.   Defendant's continuing acts of trademark infringement, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendant to cease such acts.   Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendant commits such acts.   Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendant and those in concert with Defendant and those directing the infringing conduct, including the owners, officers, and directors of Defendant.

## COUNT IV – FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

81.   Automotive Racing Products repeats and incorporates the allegations set forth in paragraphs 1 through 80 above.

82.   Plaintiff owns exclusive rights in and to its "ARP" trademark used in connection with numerous types of automotive products – see e.g., **Exhibit 2**,

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
www.cislo.com

attached hereto. Plaintiff has been using the "ARP" name in association with various automotive parts, without interruption, since at least as early as 1975.

83. Plaintiff also owns exclusive rights in and to the source-identifying model number/product designator "250-4202" used in connection with Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit – see, **Exhibit 3**, attached hereto. Plaintiff has been using the "250-4202" model number/product designator, without interruption, since at least as early as 2005.

84. Plaintiff's "ARP" trademark is highly distinctive and distinguishes Plaintiff's automotive parts, from those of its competitors.

85. Plaintiff's "250-4202" trademark is also highly distinctive and distinguishes Plaintiff's Ford 6.0L Powerstroke Diesel Head Stud Kit from that of Plaintiff's competitors. The fact that Plaintiff's competitors routinely use Plaintiff's 250-4202 product designator for their Ford 6.0L Powerstroke Diesel Head Stud Kit, rather than the corresponding product designator for the corresponding original Ford engine parts, is strong evidence that "250-4202" has acquired secondary meaning in connection with Plaintiff.

86. Plaintiff's "ARP" trademark is strong in light of the substantial marketing and promotion of its automotive parts by Plaintiff for many years, Plaintiff's substantial sales volume of such products, its critical acclaim, and its widespread public recognition.

87. Plaintiff's "250-4202" trademark is strong in light of the substantial marketing and promotion of its Ford 6.0L Powerstroke Diesel Head Stud Kit for many years, Plaintiff's substantial sales volume of such product, its critical acclaim, and its widespread public recognition. In addition, others' copying of the "250-4202" model number to attempt to create the impression of an association with Plaintiff supports the strength of the "250-4202" mark.

88. Defendant's use of the same "ARP" and "250-4202" marks in connection with automotive parts and a Ford 6.0L Powerstroke Diesel Head Stud

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

Kit, respectively, is a false designation of origin in that Defendant's products are not made by, or purchased from, Plaintiff, and as such, Defendant's use of Plaintiff's trademarks creates a likelihood of confusion, mistake, or deception among the consuming public relative to Plaintiff's "ARP" and "250-4202" marks and Plaintiff's automotive parts and Ford 6.0L Powerstroke Diesel Head Stud Kit relative to Defendant's products, which, at least in the case of the its Ford 6.0L Powerstroke Diesel Head Stud Kit are inferior in quality to Plaintiff's.   On information and belief, many, if not all, of Defendant's other automotive products are inferior to the corresponding Plaintiff products.

89.   With Defendant offering for sale and selling various automotive parts, and its Ford 6.0L Powerstroke Diesel Head Stud Kits, Plaintiff has no control over the composition or quality of the goods sold under the confusingly similar "ARP" and "250-4202" marks by Defendant.   As a result, because at Defendants' Ford 6.0L Powerstroke Diesel Head Stud Kit product is inferior to Plaintiff's, and the same is likely true of Defendant's other automotive parts, Plaintiff's valuable goodwill, developed at great expense and effort by Plaintiff, is being harmed by Defendant's unauthorized use of the same marks, and Plaintiff is at risk of further damage.

90.   The goodwill associated with Plaintiff's business under the "ARP" and "250-4202" marks is of enormous value, and Plaintiff will suffer irreparable harm should Defendant's false designation of origin be allowed to continue to the detriment of Plaintiff's reputation and goodwill.

91.   Upon information and belief, at all times relevant to this action, including the time Defendant first adopted the "ARP" and "250-4202" marks and commenced its commercial use of the "ARP" and "250-4202" marks in connection with automotive parts and its Ford 6.0L Powerstroke Diesel Head Stud Kit, respectively, Defendant knew of Plaintiff's prior adoption, ownership, and commercial use of the "ARP" and "250-4202" marks in connection with

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

automotive parts and its Ford 6.0L Powerstroke Diesel Head Stud Kit, respectively, and Defendant's adoption of the "ARP" and "250-4202" marks was a blatant attempt to trade on Plaintiff's goodwill and good reputation.   Defendant's infringement of Plaintiff's "ARP" and "250-4202" marks is therefore willful and deliberate.

92.     Because Defendant's acts have been committed willfully, intentionally, and with the intent to benefit from Plaintiff's goodwill in its "ARP" and "250-4202" trademarks, this is an exceptional case.

93.     Defendant's falsely designating the origin of the goods they are selling will continue unless enjoined.

## COUNT V – UNFAIR COMPETITION UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(a))

94.     Automotive Racing Products repeats and incorporates the allegations set forth in paragraphs 1 through 93 above.

95.     Plaintiff's "ARP" and "250-4202" marks are wholly associated with Plaintiff due to its long, continuous, and extensive use of each, and as such, Plaintiff is deserving of having its names and marks adequately protected with respect to the conduct of its business.

96.     Defendant's use of the same marks (i.e., "ARP" and "250-4202") in connection with its automotive parts and Ford 6.0L Powerstroke Diesel Head Stud Kit, respectively, comprises unfair competition in that customers and/or would-be customers are likely to be confused concerning the origin of goods having nearly identical marks associated with them in the marketplace, as well as the impression or implication of an affiliation, connection, or association between Plaintiff and Defendant, which does not exist.

97.     Defendant's aforesaid acts, and each of them, constitute unfair competition in violation of 15 U.S.C. 1125(a).  Defendant has undertaken such acts

22

willfully, intentionally, and without permission or authorization from Plaintiff.

98.   By reason of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition.

99.   By reason of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition. Defendant's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendant to cease such acts.  Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendant commits such acts.  Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendant and those in concert with Defendant and those directing the infringing conduct, including the owners, officers, and directors of Defendant.

## COUNT VI – UNFAIR COMPETITION UNDER STATE LAW
### (California Business & Professions Code §§ 17200 et seq.)

100.   Automotive Racing Products repeats and incorporates the allegations set forth in paragraphs 1 through 99 above.

101.   This is a claim against Defendant for unfair competition under California Business & Professions Code Section 17200 et seq.

102.   Defendant's business practices alleged above are unfair and offend public policy, as they were and are unlawful, unfair, unscrupulous, fraudulent on the public, and substantially injurious to Plaintiff and consumers.

103.   The above acts by Defendant constitute unfair competition and unfair business practices in violation of California Business & Professions Code Section 17200 et seq., prohibiting unfair, unlawful, deceptive, fraudulent business practices.

104.   Plaintiff is entitled to enjoin these practices.

105.   As a direct and proximate result of Defendant's willful, wanton, and fraudulent acts and conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained from continuing such unfair business practices and acts of unfair competition.

## COUNT VII - FRAUD

106.   Automotive Racing Products repeats and incorporates the allegations set forth in paragraphs 1 through 105 above.

107.   This claim is for fraud under California law to stop the harm Plaintiff has suffered, and is suffering, in connection with "dealing with" and stopping Defendant's fraudulent activities at the United States Patent and Trademark Office vis-à-vis Defendant's knowingly improper, deceptive, and fraudulent attempt to obtain a federal trademark registration for "ARP," a mark Defendant's knew and know is owned by Plaintiff.

108.   As noted in the Factual Allegations, *supra*, in particular, Defendant, through its COO, Sameer Misson, likely violated 18 U.S.C. § 1001 in its Declaration to the Trademark Office.   Such false and fraudulent activities, in addition to Defendant's other deceptive and misleading activities detailed herein, have harmed Plaintiff and have caused Plaintiff to expend significant sums of money to remedy or alleviate the harm or the effects of the harm.

109.   In late August of 2016, Plaintiff learned that Defendant had filed a federal trademark application for the trademark "ARP" in connection with various automotive parts.

110.   On or about August 25, 2016, Plaintiff filed a Request for Extension of Time to Oppose Defendant's attempt to register the "ARP" mark.

111.   On September 20, 2016, Plaintiff filed in the TTAB its Notice of Opposition   to   Defendant's   application   to   register   the   "ARP"   trademark.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

24

Defendant's deadline to respond to the Notice of Opposition was October 30, 2016.

112.   On September 20, 2016, Plaintiff sent a demand letter to Defendant (via Federal Express and fax) regarding the situation.  A copy of the Demand Letter is attached hereto as **Exhibit 12**.   Having not received any communication from Defendant in response to the demand letter, Plaintiff re-sent the Demand Letter to Defendant on September 29, 2016, as annotated in Exhibit 12.

113.   Defendant never responded to Plaintiff's Demand Letter, and likewise, did not respond to the Notice of Opposition in the TTAB.   As a result, on November 10, 2016, the TTAB issued a Notice of Default and gave Defendant until December 10, 2016 to show cause why judgment by default in the TTAB should not be entered.

114.   As of the time of the filing of this Complaint, Defendant has not responded to Plaintiff or the TTAB at all, and it is expected that the TTAB will issue a default judgment against Defendant and refuse its application to register the "ARP" mark.

115.   Defendant's reckless, if not intentional, indifference to Plaintiff's trademark rights is evident by Defendant's refusal to respond to Plaintiff's Demand Letter and Notice of Opposition in the TTAB.

116.   With respect to the statements in the Declaration submitted to the United States Patent and Trademark Office in connection with its application to register the "ARP" trademark, Defendant, through its COO Sameer Misson, knew that at least some of the statements in the Declaration were false and/or misleading at the time they was made, or, at a minimum, Defendant, through its COO Sameer Misson, made the statements in reckless disregard of whether they were true or false.

117.   The false and/or misleading statements made by Defendant, through its COO Sameer Misson, were made for the purposes of: (a) inducing the United States Patent and Trademark Office into granting Defendant a registration for "ARP" in

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

connection with automotive parts, and (b) causing harm to Plaintiff by allowing Defendant, in furtherance of its attempt to siphon away from Plaintiff goodwill, customers, and the like, to benefit therefrom.

118. Because Defendant's trademark application for "ARP" had significantly progressed through the Trademark Office as a result of Defendant's fraud, Plaintiff was compelled to commence remedial activities forthwith, including sending demand letters and filing a Notice of Opposition.

119. As a result of Defendant's fraudulent activities, particularly in connection with Defendant's attempt to register the "ARP" trademark in connection with automotive parts, Plaintiff has been forced to expend significant sums of money to stop Defendant's fraudulent "scheme" to siphon away the goodwill, reputation, and customers of Plaintiff, and the details of Defendant's "scheme" must not only be fully exposed in discovery, but also, all future acts Defendant may have intended to take in furtherance of such a scheme must be enjoined, including any further attempt by Defendant, or those acting in concert with it, to use at common law or register, any of Plaintiff's trademarks.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor and against Defendant, and each of them, as follows:

(1)   For an order preliminarily and permanently enjoining the Defendant Mission Trading Company, Inc., and its officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them, including Hakam Misson, Sameer Misson and their agents, servants, attorneys, and employees, from committing any further acts of trademark infringement, false designation of origin, and unfair competition relative to Plaintiff and its "ARP" and "250-4202" trademarks;

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

(2)   For an order directing Defendant to file with this Court and to serve on the Plaintiff within thirty (30) days after service on Defendant of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant have complied with the injunction and order of the Court;

(3)   For an order seizing and impounding all accused products (i.e., any of Defendant's automotive products labeled with the "ARP" trademark, and Defendant's Ford 6.0L Powerstroke Diesel Head Stud Kits labeled with the "250-4202" model number) in Defendant's possession, custody, control, and/or inventory, or en route to the U.S. from Defendant's overseas supplier(s), if any;

(4)   For a judgment that Defendant has willfully committed trademark infringement, false designation of origin, and unfair competition;

(5)   For a judgment that Defendant has committed fraud;

(6)   Deeming this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117(a)(3), and awarding Plaintiff its costs incurred herein; and,

///
///
///

27

1       (7)    Awarding Plaintiff such other and further relief as this Court may

2     deem just and proper.

3

4                       Respectfully submitted:

5                       CISLO & THOMAS LLP

6

7 Dated: December 19, 2016     /s/ Daniel M. Cislo

8                       Daniel M. Cislo

9                       Mark D. Nielsen

10                       Attorneys for Plaintiff, AUTOMOTIVE

11                       RACING PRODUCTS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

1

## **DEMAND FOR JURY TRIAL**

Plaintiff Automotive Racing Products, Inc. hereby demands a trial by jury on all issues raised by the Complaint that are triable by jury.


Respectfully submitted:

CISLO & THOMAS LLP

Dated: December 19, 2016          /s/ Daniel M. Cislo
                                  Daniel M. Cislo
                                  Mark D. Nielsen

                                  Attorneys for Plaintiff, AUTOMOTIVE
                                  RACING PRODUCTS, INC.

\\srv-DB\TMDOCS\16-32145\Complaint for Injunctive Relief.docx

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025-7103
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM