JS-6

FILED
CLERK, U.S. DISTRICT COURT
6/29/2017
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_CW\_\_\_\_ DEPUTY

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 Wilshire Blvd.
Los Angeles, CALIFORNIA 90025
Telephone: (310) 451-0647 Facsimile: (310) 394-4477

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE RACING PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MISSION TRADING COMPANY, INC., a California corporation,<br><br>Defendant. | CASE NO. 2:16-cv-09348-MWF (JEMx)<br><br>[Hon. Michael W. Fitzgerald]<br><br>**ORDER ENTERING PERMANENT INJUNCTION AND DISMISSING CASE WITH PREJUDICE** |

Pursuant to the Stipulated Permanent Injunction and Stipulation of Dismissal submitted by the Parties, the Court hereby enters the following order:

1

## STATEMENT OF FACTS

1. ARP owns U.S. Federal Trademark Registration No. 1,472,833 for "ARP" for high performance metal fasteners, namely bolts, studs, washers, and nuts used primarily in the automotive racing industry, which was placed on the Principal Register on January 19, 1988. This registration is incontestable under the provisions of the Lanham Act, and is valid and enforceable.

2. ARP also owns valid, enforceable, unregistered, common law trademark rights under both state and federal law for "ARP" in connection with a wide variety of automotive parts, as it has been selling the same for many years.

3. ARP contends that it also owns valid, enforceable, unregistered, common law trademark rights under both state and federal law in "250-4202" as a product designator for its Ford 6.0L Powerstroke Diesel Head Stud Kit, which ARP has successfully manufactured, offered for sale, and sold a kit with a product designator "250-4202" since at least as early as 2005.

4. ARP filed a Complaint and thereafter a First Amended Complaint against MTC alleging, *inter alia*, claims for trademark infringement. MTC denies all allegations in ARP's Complaint and First Amended Complaint.

**WHEREFORE, IT IS HEREBY ORDERED AND DECREED AS FOLLOWS**:

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367, and 15 U.S.C. § 1121;

2. Effective immediately, Mission Trading Company, Inc., a California corporation, as well as its owners, officers, directors, affiliates, agents, representatives, employees, assigns, successors-in-interest, parents, subsidiaries, joint venturers, and any person, entity, or association claiming by, through, or under them, or operating in active concert with them, shall immediately and permanently cease throughout the world:

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 Wilshire Blvd.
Los Angeles, CALIFORNIA 90025
Telephone: (310) 451-0647  Facsimile: (310) 394-4477

  a. using the "ARP" mark, or any mark confusingly similar thereto, in connection with any automotive products;

  b. dealing in any automotive products bearing the "ARP" mark, or any mark confusingly similar thereto; or,

  c. otherwise using or dealing in any products within the natural zone of expansion from automotive products bearing the "ARP" mark, or any mark confusingly similar thereto, with "dealing in" in each of the above sub-paragraphs to be given its broadest reasonable meaning, and to include at least use, manufacture, import, distribute, market, advertise, internet display, publicly display, trade show display, offer to sell and/or sell;

3. Effective immediately, Mission Trading Company, Inc., a California corporation, as well as its owners, officers, directors, affiliates, agents, representatives, employees, assigns, successors-in-interest, parents, subsidiaries, joint venturers, and any person, entity, or association claiming by, through, or under them, or operating in active concert with them, shall immediately and permanently cease throughout the world:

  a. using the "250-4202" mark, or any mark confusingly similar thereto, as a product designator for any automotive products;

  b. dealing in any automotive products bearing the "250-4202" mark, or any mark confusingly similar thereto; or,

  c. otherwise using or dealing in any products within the natural zone of expansion from automotive products bearing the "250-4202" mark, or any mark confusingly similar thereto, with "dealing in" in each of the above sub-paragraphs to be given its broadest reasonable meaning, and to include at least use, manufacture, import, distribute, market, advertise, internet display, publicly display, trade show display, offer to sell and/or

3

sell;

4. Effective immediately, MTC shall not aid or assist any person or entity in engaging in any of the above-referenced prohibited activities.

5. This injunction shall remain in effect until the above-referenced registered and common law trademarks expire or are declared invalid by a Court of Law.

6. The above-captioned action shall be dismissed in its entirety, with prejudice.

7. ARP and MTC shall each bear their own respective costs, expenses, and attorneys' fees incurred in connection with the above-captioned action as to the claims between them.

8. If any of the Parties believes that there has been a violation of the Stipulation or Confidential Settlement Agreement, such party shall notify the other party of any alleged infringement or other violation of this Agreement and/or Stipulation by electronic mail and First Class Mail to counsel for the party to be notified, as follows: (for ARP: Daniel M. Cislo, Esq., Cislo & Thomas LLP, 12100 Wilshire Blvd., Suite 1700, Los Angeles, CA 90025; dan@cislo.com; for MTC: Sunita Kapoor, Law Offices of Sunita Kapoor, 4115 Blackhawk Plaza Circle, Suite 100, Danville, CA 94506; skapoorlaw@gmail.com) (and also and by certified mail or tracked mail to the agent for service of process for the notified party). The notified party shall thereafter make a reasonable investigation of the matter and report the results of the investigation in writing to the notifying party's counsel within thirty (30) days of the date that the electronic mail was sent. During this thirty (30) day period, no action shall be filed before any Court absent exigent circumstances. The Parties, by mutual consent, may extend this thirty (30) period.

///

///

///

9. The foregoing reflects a settlement of this action pursuant to the terms of a separate Confidential Settlement Agreement between ARP and MTC, and the Court retains jurisdiction over the above-captioned action for purposes of enforcing the settlement agreement between ARP and MTC, and the Permanent Injunction entered by the Court.

**IT IS SO ORDERED.**

Dated: June 29, 2017

_____
Hon. Michael W. Fitzgerald
United States District Judge